Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. ZEPEDA,<br><br>Plaintiff,<br><br>v.<br><br>PERSOLVE LEGAL GROUP, LLP and DNF ASSOCIATES, LLC,<br><br>Defendants. | Case No. **'21CV0625 AJB  RBB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes STEVEN C. ZEPEDA ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PERSOLVE LEGAL GROUP, LLP ("Persolve") and DNF ASSOCIATES, LLC ("DNF") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Southern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Calexico, California, which is located within the Southern District of California.

5. Persolve is a collection agency organized under the laws of the State of California. Persolve's principal place of business is located at 9301 Corbin Avenue, Suite 1600, Northridge, California 91324. Persolve regularly collects from consumers in the State of California.

6. DNF is a debt purchaser and third-party debt collector with "more than 75 years of combined experience in the realm of debt purchasing and collections."[1] DNF is a limited liability company organized under the laws of the state of New York and maintains Cogency Global, Inc., 10 East 40th Street, 10th Floor, New York, New York, 10016 as its registered agent for service of process.

7. DNF is Persolve's principal. Consequently, DNF is liable for Persolve's actions as it exercises control over Persolve's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://www.diversefundingllc.com/

2

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10. This actions stems from Defendants' attempts to collect upon a defaulted consumer obligation ("subject consumer debt") that Plaintiff purportedly owed to Kay Jewelers. The subject consumer debt was allegedly incurred for Plaintiff's personal use.

11. Upon information and belief, DNF purchased the subject consumer debt after Plaintiff's purported default.

12. Subsequently, DNF placed the subject consumer debt with Persolve for collection purposes.

13. Around 2017, Persolve began its collection campaign by placing collection calls to Plaintiff's father's cellular phone.

14. Plaintiff has never given Persolve permission to contact his father and Plaintiff's father has nothing to do with the subject consumer debt.

15. Persolve has mainly placed collection calls to Plaintiff's father in attempt to collect on the subject consumer debt.

16. During its collection campaign, Persolve disclosed to Plaintiff's father that Plaintiff allegedly owes the subject consumer debt.

17. As a result of Persolve's continuous calls to Plaintiff's father, Plaintiff and Plaintiff's father have demanded that Persolve cease calling.

18. Nevertheless, Persolve has continued placing collection calls to Plaintiff's father through the filing of the instant action.

19. Frustrated over Defendants' conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses and expenditure of resources.

20. Plaintiff and his father have been unfairly and unnecessarily harassed by Defendants' actions.

21. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, loss of sleep, invasion of privacy, aggravation, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b**

27. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

28. Defendants violated 15 U.S.C. §1692b(2) on the multiple instances Persolve contacted Plaintiff's father and disclosed to him that Plaintiff allegedly owes a debt.

29. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

30. Defendants violated 15 U.S.C. §1692b(3) when Persolve contacted Plaintiff's father on more than one occasion, despite the fact that Plaintiff's father was not responsible for the subject consumer debt. Defendants employed these tactics in order to exert outward pressure upon Plaintiff.

    **b. Violations of the FDCPA, § 1692c**

31. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

32. Defendants violated § 1692c(b) when Persolve continuously placed calls to Plaintiff's father's cellular phone. Defendants knowingly continued to contact Plaintiff's father without Plaintiff's prior consent.

    **c. Violations of the FDCPA, § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

5

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. Defendants violated §§ 1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject consumer debt. Specifically, it was deceptive for Defendants to implicitly represent that Persolve could contact Plaintiff's father on multiple instances and disclose to him that Plaintiff allegedly owes the subject consumer debt when the FDCPA specifically prohibits this conduct.

    **d. Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated § 1692f when Persolve unfairly and unconscionably attempted to collect on the subject consumer debt by placing multiple phone calls to Plaintiff's father and even disclosed to him that Plaintiff allegedly owes the subject consumer debt. Any reasonable fact finder will conclude that Defendants' actions were unfair and unconscionable as they were designed to instill an undue sense of urgency within Plaintiff.

38. As pled in paragraphs 19 through 21, Plaintiff and his father have been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff STEVEN C. ZEPEDA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e.  Enjoining Defendants from further contacting Plaintiff seeking payment of the subject consumer debt; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 12, 2021                                                          Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*