UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven C. Zepeda,<br><br>                              Plaintiff,<br><br>v.<br><br>Persolve Legal Group, LLP, DNF Associates, LLC,<br><br>                              Defendants. | Case No.:  21cv0625 AJB RBB<br><br>**Jury Trial Preparation and Scheduling Order** |

Trial must be so prepared and conducted as to minimize disruption and maximize concentration on the evidence and witnesses.  The following special procedures are intended to further this objective and apply in this Court.  These are in addition to, and supplement, other applicable Local Rules.

## TRIAL DATES

1. **Trial will be heard before Judge Battaglia in Courtroom 4A on November 1, 2022** at **8:30 a.m.**  The trial will last 3 days.

## MOTIONS IN LIMINE

2. Motions in Limine will be heard on **August 15, 2022** at **4:00 p.m. via Zoom.  The Court Court will initiate the Zoom call.**  Each side is allowed a maximum of five (5) Motions in Limine. All Motions in Limine and trial brief must be filed and

faxed or personally served on opposing counsel no later than **August 2, 2022**. Written opposition to in Limine motions, if any, must be filed and faxed or personally served on opposing counsel no later than **January 8, 2022**. Replies will not be accepted. Each motion and each opposition thereto are limited to five (5) pages in length. Attachments are also limited to a maximum of five (5) pages for any motion or opposition. Trial briefs are limited to twenty-five (25) pages in length, including exhibits and attachments.

3.  Motions in Limine must be limited in scope to evidentiary issues where attempts to "unring the bell" would be unduly prejudicial or futile. Motions for judgment on the pleadings, summary judgment or summary adjudication, *Daubert*, leave to amend or bifurcation are not in Limine motions within the scope of this order.

4.  Motions in Limine must be prepared in the form prescribed as follows: The title of each in Limine motion should identify the moving party and describe the nature of the motion, and should be numbered sequentially, indicating the total number of in Limine motions filed by the moving party. Example: "Plaintiff JANE DOE's Motion in Limine to Exclude the Testimony of Joe Expert [No. 1 of 5]." Written opposition to in Limine motions, if any, should identify both the party filing the opposition, and the specific motion which is being opposed by name of moving and motion number. Example: "Defendant RICHARD ROE's Opposition to Plaintiff JANE DOE's Motion in Limine No. 1."

## STIPULATIONS

5.  Stipulations and agreements must be reduced to writing so they can be read into the record. All facts which are not contested must be listed in a form suitable to read to the jury. These must be filed **seven (7) days before the trial date**.

## EVIDENCE AND EXHIBITS

6.  Before the start of trial, counsel must mark all exhibits listed in the Pre-trial Conference Order, and those not displayed and/or exchanged at the time of the preparation of the Pre-trial Conference order which the parties seek leave of Court to introduce. Digitized exhibits must be digitally branded with an exhibit number and the

page numbers of the exhibit. Exhibits not listed on the Pre-trial Conference Order and/or exchanged in the above meeting are subject to exclusion at trial, true impeachment exhibits excepted.  A Joint Exhibit list must be prepared and filed [JOINT EXHIBIT LIST DUE DATE].  A sample of the Exhibit form is attached as Exhibit A hereto. All exhibits must be numbered, not lettered. Counsel may agree to number ranges (e.g.,1-100 and 101-200) for their respective uses.

7. A copy of the Expert Report of each expert on the parties' witness list must be lodged with the Courtroom Deputy Clerk for Courtroom 4A seven (7) days before Trial.

8. Counsel must avoid duplication of exhibits. For example, a contract in dispute should only be marked as one exhibit, with all sides to utilize at trial.

9. Counsel should waive authentication evidence of documents where authentication is not an issue.

10. Voluminous documents or exhibits must be culled of unnecessary pages so that only relevant pages, or pages supplying context to the relevant pages are admitted.

11. Counsel should use summaries or charts to prove the content of voluminous documents, writings or recordings that cannot be conveniently examined in court. See, Federal Rule of Evidence 1006 in this regard.

12. Exhibits, including physical evidence, may not be passed among the jury during trial.  If counsel wish the entire panel to examine a particular exhibit prior to deliberations, they should either provide blowups or use the Court's visual equipment.

13. **All audio and video exhibits to be entered into evidence will be submitted on a thumb drive.  Discs will no longer be accepted**.

## DEPOSITIONS

14. Counsel must lodge a copy of the transcript of the deposition of each witness on the parties' witness list on the [Status hearing].  Video depositions that are to be played to the jury must have captioning.  Counsel are ordered to meet and confer on the proposed deposition transcript to be read to the jury and file a revised set of designations

to be read to the jury with objections thereto. Objections will be resolved at the [next hearing.]

## VOIR DIRE

15. No later than seven (7) days before the trial, the parties must file an agreed summary of the factual nature of the case and any alleged injuries or damages in addition to a joint list of witnesses who are likely to be called.

16. If counsel wish to expand the scope of the judge's initial voir dire, they should prepare and file written questions for the trial judge seven (7) days before the trial.

17. Counsel will be allowed brief follow-up voir dire after the Court's questioning. Counsel's questions must be calculated to discover bias or prejudice with regard to the circumstances of a particular case. Repeating the questions already asked by the Court, questions attempting to precondition the jury to a parties' position, argue the law, or the fats will not be allowed. A full description of the jury selection procedure is attached as Exhibit B hereto.

## OPENING STATEMENTS

18. Unless otherwise ordered, the Court will allow 30 minutes for each opening statement.

## INTERPRETERS

19. If an _interpreter_ is needed for a witness, please make arrangements in advance.

## AUDIO/VISUAL EQUIPMENT

21. The Court now has new audio/visual equipment for counsels' use. In brief, the podium is wired to connect with counsel's computers, laptops and tablets. A VGA or HDMI connector is required for your devices. There is now a Document Camera (Elmo) in place, with an annotation feature, and a Blue Ray player. Finally, the jury box is equipped with digital monitors, as are counsel tables and a gallery monitor. Counsel

///

///

should contact the CRD for details and instructions and with questions regarding the use of equipment not provided for by the Court.

IT IS SO ORDERED.

Dated: July 22, 2022

Hon. Anthony J. Battaglia
United States District Judge

**EXHIBIT LIST**

| No. | Offered by (P/D) | Brief Description | Admissibility Disputed (Y/N) | Legal Grounds For Objection(s) | Date Off'd | Date Adm |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |

Exhibit A

The Chambers of

United States District Judge

Anthony J. Battaglia

## JURY SELECTION PROCESS

### (Civil Cases)

THE NORMAL PROCEDURE UTILIZED IN COURTROOM 4A FOR JURY SELECTION IN CIVIL CASES IS AS FOLLOWS:

1. The Court typically seats a jury of six (6) to twelve (12) persons in civil cases. This depends on the scheduled length of the trial. Under Federal Rule of Civil Procedure 48, all of the seated jurors participate in the verdict. The number of jurors will be set at the Pretrial Conference.

2. Each party (side) in a civil case is entitled to three (3) peremptory challenges. The Court may alter the number of challenges depending upon the number of parties (sides).

3. Before the Judge takes the bench, the bailiff takes the role of the panel. The panel members have been randomly assigned juror numbers by the Jury Administrator and will be seated numerically. Seating charts will be supplied to counsel by the clerk.

4. Court takes the bench and the panelists are sworn.

5. The Court questions the panelists and inquires of each whether he or she knows of any reason why that person cannot be completely fair and impartial and secures a commitment from each that the panelist will follow the law as instructed. [A copy of the Court's initial Voir Dire can be found on the Court's Website (www.casd.uscourts.gov) under Chambers Rules.] At this time the Court also asks any appropriate questions submitted by counsel.

6. Counsel for each party (side) is then given a reasonable amount of time to question the panelists. Except for unusual cases, the time allotted to each party (side) is

15 minutes, on occasion 20 minutes.  If counsel has not been dilatory in examining the panel and it appears to the Court that additional time is necessary to adequately question the panel, the Court will allow additional time.  In order to adequately question in the time allotted, counsel are advised to address questions to the panel as a whole and then follow up with questions to individual panelists who respond affirmatively to either the Court's questions or to the general questions of counsel.  If you follow the approach of going over your areas of inquiry with each panelist individually, the questioning will probably not be completed in the time allowed and a request for additional time will be denied.

7.  After each counsel has completed examining the panel and challenges for cause have been ruled on at "side bar," the parties exercise their peremptory challenges. The Court uses a double blind strike format.  The challenges are directed to all of the panelists remaining after the disposition of challenges for cause. A challenge sheet is passed to each party (side) and each party (side) will record their peremptory challenges. After the challenges have been exercised, the lists will be shared with all counsel.  The first eight (or other number fixed by the Court) panelists remaining, in the order in which they were seated, will constitute the jury.  Before the challenged and non-selected prospective jurors are excused, the Court will ask counsel (at "side bar") if there is any objection to the peremptory challenge process (i.e. Batson).  If a party has a challenge of this nature, that will be heard outside the presence of the jury panel. After all challenges and objections, the Court will announce those selected, and will then thank and excuse the remaining prospective jurors.

Exhibit B