# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. ZEPEDA, | Case No.: 21CV0625-AJB(RBB) |
| Plaintiff, | **JOINT PROPOSED PRETRIAL CONFERENCE ORDER** |
| v. | |
| PERSOLVE LEGAL GROUP, LLP and DNF ASSOCIATES, LLC, | |
| Defendants. | |

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to the Court's Scheduling Order dated June 15, 2021, Plaintiff STEVEN C. ZEPEDA ("Plaintiff") and Defendants PERSOLVE LEGAL GROUP, LLP ("Persolve") and DNF ASSOCIATES, LLC ("DNF") (collectively, "Defendants") hereby submit their Proposed Joint Pretrial Order. The parties apologize to the Court for filing this Proposed Joint Pretrial Order late. The parties were finalizing extensive factual stipulations. The parties believe such would benefit the Court during the pretrial conference.

1

## 1.  <u>STATEMENT OF THE CASE TO BE READ TO THE JURY</u>

*Per Plaintiff:*

Plaintiff alleges that Persolve Legal Group, LLP ("Persolve") and DNF Associates, LLC ("DNF") (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"). Persolve, on behalf of DNF, placed collection calls to Plaintiff's father, Fabian Zepeda ("Fabian"), on his cell phone to collect upon the subject consumer debt ("subject consumer debt"), leaving messages communicating, among other things, that the calls were from a debt collector. Plaintiff has never *directly* given his consent for Defendants to contact his father. Moreover, Plaintiff's father is not responsible to make a payment on the subject consumer debt.

Persolve continuously placed collection calls to Fabian's phone and impermissibly communicated to him, indirectly, that Plaintiff owes a consumer debt. Plaintiff and Fabian have demanded that Defendant cease calling. Nevertheless, Persolve continued placing collection calls to Fabian through the filing of the instant action. Moreover, Persolve left pre-recorded messages on Fabian's phone. The contents of these pre-recorded messages are impermissible third-party communications under the FDCPA.

Plaintiff alleges that Defendants violated various sections of the FDCPA, such as 15 U.S.C. § 1692b, 15 U.S.C. § 1692c, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f, which prohibits a debt collector from engaging in any harassing, deceptive,

unfair, and misleading debt collection practices. The major issue before this Honorable Court is whether Defendants' conduct violated the FDCPA through their collection activities.

*Per Defendants:*

Plaintiff, Steven Zepeda, purchased a watch at a jewelry story and completed a credit application which stated that Plaintiff could be contacted at any contact information provided on the credit application. Plaintiff provided his father's name, Fabian Zepeda, and phone number on the credit application. Plaintiff defaulted on the debt and the creditor sold the debt to DNF Associates. DNF Associates retained Persolve Legal Group, a law firm, to collect the debt. Persolve Legal Group obtained a judgment on behalf of DNF Associates in the amount of $7,546.18 plus 10% interest in January 2021.

Plaintiff contends that Persolve Legal Group and DNF Associates violated federal law, the Fair Debt Collection Practices Act, when Persolve Legal Group left messages at the father's phone number that was identified on the credit application. DNF Associates and Persolve Legal Group contend that it is not liable to Plaintiff because Plaintiff consented to receive calls at that number, and therefore the federal law allows for such messages. DNF Associates and Persolve Legal Group also contend any messages left at the number did not identify Plaintiff nor convey any information about the debt.

Plaintiff also contends that he and his father spoke with Persolve Legal Group

and requested that calls cease to Plaintiff's father.  DNF Associates and Persolve Legal Group contend that (1) DNF Associates made no phone calls to anyone to collect Plaintiff's debt, (2) Persolve Legal Group never spoke with Plaintiff's father, and (3) during the single call from Plaintiff to Persolve Legal Group, Plaintiff did not make any request to stop calling, and in fact, invited Persolve Legal Group to call Plaintiff.

Plaintiff contends that DNF Associates is liable for the conduct of Persolve Legal Group.  DNF Associates contends that DNF Associates did not have the necessary control and knowledge of the alleged conduct to allow for liability against DNF Associates for conduct by Persolve Legal Group.

## 2. <u>CAUSES OF ACTION</u>

Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated 15 U.S.C. § 1692 *et seq*. of the Fair Debt Collection Practices Act ("FDCPA").

    **a.**  Violation of FDCPA § 1692c(b) (Dkt. 1, page 5)

        i.  Elements

            1.  Without prior consent of consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgement judicial remedy;

            2.  A debt collector;

            3.  Communicates;

4.  with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector;

5.  In connection with the collection of any debt.

  ii.  Damages

1.  Statutory damages of $1,000.00.

2.  Actual damages resulting from harassment and embarrassment.

3.  Costs and attorneys' fees.

  iii.  Defenses

1.  The alleged messages are not communications

2.  Persolve Legal Group was not seeking location information.

3.  Persolve Legal Group was attempting to reach Plaintiff.

4.  Plaintiff consented to the alleged messages

5.  The alleged messages did not disclose that Plaintiff owed a debt

6.  Plaintiff did not incur any actual damages, and any such damages are not proximately caused by Defendants

7.  Plaintiff failed to mitigate his damages

JOINT PROPOSED PRETRIAL CONFERENCE ORDER

8. DNF Associates is not vicariously liable for the alleged messages

9. To the extent that Plaintiff seeks to assert liability based on messages that occurred prior to April 12, 2020, beyond the one-year statute of limitations, liability for such messages would be time barred.

**b.** Violation of FDCPA § 1692e (Dkt. 1, page 5)

   i. Elements

      1. A debt collector;

      2. Uses any false, deceptive, or misleading representation or means;

      3. In connection with the collection of any debt.

   ii. Damages

      1. Statutory damages of $1,000.00.

      2. Actual damages resulting from harassment and embarrassment.

      3. Costs and attorneys' fees.

   iii. Defenses

      1. The alleged messages are not communications

      2. Plaintiff consented to the alleged messages

JOINT PROPOSED PRETRIAL CONFERENCE ORDER

3. The alleged messages did not disclose that Plaintiff owed a debt

4. The alleged messages contained no misrepresentations.

5. Plaintiff did not incur any actual damages, and any such damages are not proximately caused by Defendants

6. Plaintiff failed to mitigate his damages

7. DNF Associates is not vicariously liable for the alleged messages

8. Any so-called misrepresentation is not material.

9. To the extent that Plaintiff seeks to assert liability based on messages that occurred prior to April 12, 2020, beyond the one year statute of limitations, liability for such messages would be time barred.

   **c.** Violation of FDCPA § 1692e(10) (Dkt. 1, page 6)

      i. Elements

        1. A debt collector;

        2. Uses any false representation or deceptive means;

        3. To collect or attempt to collect any debt or to obtain information concerning a consumer.

      ii. Damages

        1. Statutory damages of $1,000.00.

2. Actual damages resulting from harassment and embarrassment.

3. Costs and attorneys' fees.

iii. Defenses

1. The alleged messages are not communications

2. Plaintiff consented to the alleged messages

3. The alleged messages did not disclose that Plaintiff owed a debt

4. The alleged messages contained no misrepresentations.

5. Plaintiff did not incur any actual damages, and any such damages are not proximately caused by Defendants

6. Plaintiff failed to mitigate his damages

7. DNF Associates is not vicariously liable for the alleged messages

8. Any so-called misrepresentation is not material.

9. 8. To the extent that Plaintiff seeks to assert liability based on messages that occurred prior to April 12, 2020, beyond the one year statute of limitations, liability for such messages would be time barred.

**d.** Violation of FDCPA § 1692f (Dkt. 1, page 6)

i. Elements

8

1. A debt collector;

2. Used unfair or unconscionable means;

3. To collect any debt.

ii. Damages

1. Statutory damages of $1,000.00.

2. Actual damages resulting from harassment and embarrassment.

3. Costs and attorneys' fees.

iii. Defenses

1. The alleged messages are not communications

2. Plaintiff consented to the alleged messages

3. The alleged messages did not disclose that Plaintiff owed a debt

4. The alleged messages contained no misrepresentations.

5. Plaintiff did not incur any actual damages, and any such damages are not proximately caused by Defendants

6. Plaintiff failed to mitigate his damages

7. DNF Associates is not vicariously liable for the alleged messages

8. Any so-called misrepresentation is not material.

9. To the extent that Plaintiff seeks to assert liability based on messages that occurred prior to April 12, 2021, beyond the one year

statute of limitations, liability for such messages would be time barred.

## 3. WITNESSES

### a. Plaintiff

#### i. Expected Witnesses

1. Plaintiff Steven Zepeda intends to testify as to the creation of the subject consumer debt giving rise to instant claims and his communications with Defendants.

2. Fabian Zepeda intends to testify as to the communications he received from, and had with, Defendant Persolve.

3. David Maczka will testify as to DNF's ownership and control of Persolve.

4. Greg Straub will testify as to the communications made to Plaintiff and Fabian Zepeda.

#### ii. Expected Expert Witnesses

1. None.

#### iii. Additional Witnesses

1. None.

### b. Defendants

#### i. Expected Witnesses

JOINT PROPOSED PRETRIAL CONFERENCE ORDER

1.  Plaintiff Steven Zepeda, testifying as to the creation of the subject consumer debt and his communication with Defendants.

2.  If not excluded by the Court through Defendants' Motions in Limine, Fabian Zepeda, testifying as to the alleged communications he had with Defendant Persolve Legal Group.

3.  David Maczka will testify as to DNF Associates' conduct and lack of communication with Plaintiff and his father, as well as lack of control and knowledge regarding conduct by DNF Associates independent, retained counsel.

4.  Greg Straub will testify as to Persolve Legal Group's collection efforts regarding Plaintiff, including any alleged collection efforts involving Plaintiff's father. Such testimony will also include Persolve Legal Group's policies and procedures regarding third party contact and obtaining location information.

### ii. Expected Expert Witnesses

5.  None.

### iii. Additional Witnesses

      **6.** Brandon Bowlin – Who may testify regarding impeachment or rebuttal

## 4. **EXHIBITS**

### a. Plaintiff

#### i. Expected

      **1.** Account Notes (bates labeled as ZEP0001-0018) – Persolve's record of contacts made to Plaintiff and to Fabian Zepeda.

      **2.** Recordings of communications regarding the collection efforts made in connection with the subject debt (bates labeled as ZEPEDA 000007-000010 and ZEPEDA 000012-000015) – Pre-recorded messages left on Fabian Zepeda's voicemail from Persolve Legal Group, LLP.

#### ii. Reserved

      **1.** Deposition Transcript of David Maczka – Transcript of David Maczka's Deposition.

      **2.** Deposition Transcript of Greg Straub – Transcript of Greg Straub's Deposition.

### b. Defendants

    a. Account notes, bates labelled ZEP0001-0018

    b. Complaint

c. Plaintiff's Responses and Objections to Defendant Persolve Legal Group, LLC'S First Set of Requests for Production of Documents

d. Plaintiff's Responses and Objections to Defendant Persolve Legal Group, LLC'S First Set of Interrogatories

e. Plaintiff's Production of Documents, bates labeled Zepeda 1-6

f. Call recordings produced by Plaintiff, bates labeled Zepeda 7-15

g. Kay Jewelers Application

h. Kay Jewelers Receipt

i. Kay Jewelers Account Summary

j. Bill of Sale

k. Judgment against Steven Zepeda

l. January 19, 2021 call transcripts

m. January 19, 2021 call recordings

ii.    Reserved – none at this time

**5.  STIPULATED FACTS TO BE READ TO THE JURY**

    **a.**  All parties' list of stipulated facts is attached hereto as Attachment A.

**6.  DEPOSITION TRANSCRIPTS TO OFFER AT TRIAL**

    **a.**  Plaintiff intends to offer deposition transcript testimony if necessary for impeachment.

    **b.**  Defendants intend to offer deposition transcript testimony if necessary for impeachment.

7. **JURY INSTRUCTIONS**

    **a.** Jury Instructions are attached hereto as Attachment B.

8. **TRIAL**

    This case will be tried by a jury.

9. **TIME ESTIMATE**

    The parties propose that each side will have eight hours to present their respective case, not including voir dire.

    IT IS S ORDERED.

Dated:  July 22, 2022

                                        Hon. Anthony J. Battaglia
                                        United States District Judge