# Attachment B

JURY INSTRUCTIONS

STIPULATED JURY INSTRUCTION NO. 1

1.3 Duty of Jury

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

STIPULATED JURY INSTRUCTION NO. 2

1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff asserts that Defendants violated the FDCPA by virtue of attempting to collect a debt from Plaintiff through contacts made to Plaintiff's father, Fabian Zepeda. The plaintiff has the burden of proving these claims.

Defendants assert that Plaintiff consented to calls to the number allegedly associated with Plaintiff's father, and that there were only messages left at that number, messages that did not disclose that Plaintiff owed a debt, or any information about the debt.

STIPULATED JURY INSTRUCTION NO. 3

1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

STIPULATED JURY INSTRUCTION NO. 4

1.8 Two or More Parties—Different Legal Rights

      You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

STIPULATED JURY INSTRUCTION NO. 5

1.9 What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

STIPULATED JURY INSTRUCTION NO. 6

1.10 What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

STIPULATED JURY INSTRUCTION NO. 7

1.12 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

STIPULATED JURY INSTRUCTION NO. 8

1.13 Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

STIPULATED JURY INSTRUCTION NO. 9

1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider

these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

STIPULATED JURY INSTRUCTION NO. 10

1.15 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and

the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with the case, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these.  If any juror is exposed to any outside information, please notify the court immediately.

STIPULATED JURY INSTRUCTION NO. 11

1.18 Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

STIPULATED JURY INSTRUCTION NO. 12

1.19 Questions to Witnesses by Jurors During Trial

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.   If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

STIPULATED JURY INSTRUCTION NO. 13

1.20 Bench Conferences and Recesses (modified per Court's Civil Procedure Order)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you are waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

STIPULATED JURY INSTRUCTION NO. 14

1.21 Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

STIPULATED JURY INSTRUCTION NO. 14

2.0 Cautionary Instructions

<u>At the Beginning of Each Day of the Case:</u>

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

<u>At the End of Each Day of the Case:</u>

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

STIPULATED JURY INSTRUCTION NO. 15

2.5 Transcript of Recording in English

You are about to hear a recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

STIPULATED JURY INSTRUCTION NO. 16

1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]


*or*


[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict

should be.

STIPULATED JURY INSTRUCTION NO. 17

1.11 Evidence for Limited Purpose – IF APPLICABLE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

STIPULATED JURY INSTRUCTION NO. 18

2.2 Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence as Exhibit __ that will be read to you.  You must therefore treat these facts as having been proved.

STIPULATED JURY INSTRUCTION NO. 19

2.4 Deposition in Lieu of Live Testimony- If Applicable

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

STIPULATED JURY INSTRUCTION NO. 20

2.11 Use of Interrogatories

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

STIPULATED JURY INSTRUCTION NO. 21

2.9 Impeachment Evidence—Witness

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

STIPULATED JURY INSTRUCTION NO. 21

3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

STIPULATED JURY INSTRUCTION NO. 22

3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make

any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS

STIPULATED JURY INSTRUCTION NO. 23

3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

STIPULATED JURY INSTRUCTION NO. 24

3.4 Readback or Playback – If Applicable

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.   Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

STIPULATED JURY INSTRUCTION NO. 25

3.5 Return of Verdict

A verdict form has been prepared for you.   [*Explain verdict form as needed.*]

After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

STIPULATED JURY INSTRUCTION NO. 26

4.1 Corporations and Partnerships—Fair Treatment – As Modified

All parties are equal before the law and a partnership like Persolve Legal Group, LLC and a limited liability company like DNF Associates, LLC are entitled to the same fair and conscientious consideration by you as any party.

STIPULATED JURY INSTRUCTION NO. 27

4.14 Independent Contractor—Definition

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

One who engages an independent contractor is not liable to others for the acts or omissions of the independent contractor.

STIPULATED JURY INSTRUCTION NO. 28

5.1 Damages—Proof / 5.2 Measures of Types of Damages - Modified

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages, if any. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by either defendant or both.  You should consider the following in determining actual damages:

The nature and extent of the injuries; and

The emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

STIPULATED JURY INSTRUCTION NO. 29

5.3 Damages—Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

STIPULATED JURY INSTRUCTION NO. 30

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the injury would not have happened.

C.J.I. Civ. 9:18 (2016)

STIPULATED JURY INSTRUCTION NO. 31

The "least sophisticated debtor" standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors. At the same time, the standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care. The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations. This standard is an objective standard, and renders plaintiff's subjective (i.e., personal) beliefs irrelevant.

.

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011); *see also Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775 (9th Cir. 2017)

STIPULATED JURY INSTRUCTION NO. 32

The FDCPA permits damages to be awarded against a debt collector who violates the FDCPA. By instructing you on damages, the Court is not suggesting for which party your verdict should be rendered, or that the Court is instructing you to award or not award damages.

Actual damages may be awarded to the plaintiff as a result of the defendant's failure to comply with the FDCPA. Actual damages may include out-of-pocket expenses as well as damages for emotional distress.

In this case, plaintiff does seek actual damages. Plaintiff ~~also~~ seeks statutory damages plus attorney's fees. If you find that there was a violation of the FDCPA, you may, but are not required to, award statutory damages from Zero Dollars ($0) to One Thousand Dollars ($1,000.00). If you choose to award statutory damages, it must not exceed $1,000.00 for the entire lawsuit, not per violation.

In determining the amount of statutory damages to be awarded, if any, you shall consider: 1) the frequency and persistence of noncompliance by defendants with respect to its interactions with plaintiff and plaintiff's father, Fabian Zepeda; 2) the nature of such noncompliance; and 3) the extent to which noncompliance was intentional.

15 U.S.C. § 1692k; White v. Bruck, 927 F.Supp. 1168 (W.D. Wis. 1996) (statutory damages limited to $1,000.00 per lawsuit, not per violation, or per party); Dewey v. Associated Collectors, Inc., 927 F.Supp. 1172, 1173-1174 (W.D. Wis. 1996); Wright

v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir.1994) (§ 1692k(a)(2)(A) limits plaintiff's additional damages beyond actual damages to $1,000 "per proceeding" rather than to $1,000 "per violation"); Harper v. Better Business Servs., Inc., 961 F.2d 1561, 1563 (11th Cir.1992) (statutory language supports conclusion that statute authorizes a maximum  of $1,000 additional damages per lawsuit); Donahue v. NFS, Inc., 781 F.Supp. 188, 191 (W.D.N.Y.1991) (plain language of statute authorizes maximum $1,000 statutory award per lawsuit); Beattie v. D.M. Collections, Inc., 764 F.Supp. 925, 928 (D.Del.1991) (statute provides for a single recovery of statutory damages per plaintiff per lawsuit); Harvey v. United Adjusters, 509 F.Supp. 1218, 1222 (D.Ore.1981) (in any one action, damage award may not exceed $1,000); Powell v. Computer Credit, Inc., 975 F.Supp. 1034, 1039 (S.D. Ohio 1997) ("By stating that a court in considering statutory damages in an individual FDCPA suit should consider 'the frequency and persistence of noncompliance by the debt collector,' Congress meant that the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not others who may have been subject to the debt collector's noncompliance.") *citing* Dewey v. Associated Collectors, Inc., 927 F. Supp. 1172, 1175-76 (W.D. Wis. 1996) (emphasis added)).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Plaintiff alleges that defendant violated Section 1692c(b) of the FDCPA. Section 1692c(b) states "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency of otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

As used under the FDCPA, the term "communication means the conveying of information regarding a debt directly or indirectly to any person through any medium."

Plaintiff alleges that defendant violated Section 1692c(b) of the FDCPA by communicating voicemail messages to the cell phone of Plaintiff's Father, Fabian Zepeda, that were not for the purpose of obtaining location information as excepted by 1692b. The parties have already agreed, and the Court has already found, that Defendants are debt collectors, that Plaintiff is a consumer, that the subject consumer debt is a debt, that Defendants did not have the express permission of any court to communicate with Plaintiff's father, and that neither Defendant effectuated or attempted to effectuate a postjudgment judicial remedy relating to Plaintiff. Further, the parties have agreed, and the Court has already found, that Persolve Legal Group,

LLP's voicemail messages left at the phone number 760-879-0087 were not made to obtain location information from a third-party and were made to collect Plaintiff's debt, and thus section 1692b is not applicable. Moreover, the parties have agreed, and the Court has already found, that Plaintiff's Father, Fabian Zepeda, is not the consumer of the subject debt, is not Plaintiff's attorney, is not a consumer reporting agency, is not the creditor of the subject consumer debt, is not the attorney of the creditor of the subject consumer debt, and is not the attorney of either Defendant.

In order for plaintiff to succeed on his claim, he must show, by a preponderance of the evidence, that the voicemail messages left on the phone number 760-879-0087 conveyed information, regarding a debt, directly or indirectly, to any person not the Plaintiff. Plaintiff must also prove, by a preponderance of the evidence, that Plaintiff did not directly give consent to either Defendant for such communications.

15 U.S.C. § 1692c(b).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

Plaintiff alleges that defendant violated Section 1692c(b) of the FDCPA. Section 1692c(b) states "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency of otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

Voicemail messages that do not identify the consumer/debtor, do not convey information about a debtor and his or her debt.  Because it does not disclose a consumer's personal affairs to others.

(*Zortman v. J.C. Christensen & Assocs.*, 870 F. Supp. 2d 694, 705 (D. Minn. 2012); *see also Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011) (holding that a fax requesting employment information and verification did not convey information regarding a debt, but also noting that the sender's name and logo did not make explicit that the request was from a debt collector); *Zamos II v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 782 (N.D. Ohio 2006) (implying that a call that merely identified the caller as a debt collector was insufficient to violate the FDCPA); *Koby v. ARS National Services, Inc.*, no. 09cv0780, 2010 WL 1438763, *3-4 (S.D. Cal. Mar. 29, 2010). (the Court considered three messages and

distinguished those that provided account numbers and referenced documents from the one that merely provided the caller's name and callback number); *see also Biggs v. Credit Collections, Inc.*, no. CIV-07-0053-F, 2007 WL 4034997, *4 (W.D. Okla. Nov. 15, 2007) (finding messages did not convey information regarding a debt where they merely stated the caller's name and callback number); accord 12 C.F.R. § 1006.2(j) (CFPB permitting similar limited contact message).)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

Plaintiff alleges that Defendants violated Section 1692e(10) of the FDCPA. Section 1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer."

Plaintiff alleges that defendant violated Section 1692e(10) of the FDCPA through its deceptive and misleading attempts to collect a debt from Plaintiff by contacting his Father and leaving voicemail messages on his cellular phone stating that, as a debt collector, Persolve Legal Group had a message and to return the call. The parties have already agreed, and the Court has already found, that defendants are debt collectors, that the subject consumer debt is a debt, and that Persolve Legal Group's voicemail messages left on the cell phone of Plaintiff's father, Fabian Zepeda, were efforts to collect Plaintiff's debt.

In order for plaintiff to succeed on his claim, he must show, by a preponderance of the evidence, that Defendant's attempts to collect a debt through the messages left on Fabian Zepeda's cellular phone were either deceptive or misleading being that neither Defendant had the right or consent to contact Fabian Zepeda and communicate the contents of the voicemail messages left on his cellular phone.

15 U.S.C. § 1692e.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

Plaintiff alleges that Defendants violated Section 1692e and more specifically section 1692e(10) of the FDCPA. These provisions prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer."

Whether conduct violates the FDCPA's prohibition on misrepresentations requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication. You should not be concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her responses. In other words, a debt collector's false or misleading representation must be 'material' in order for it to be actionable under the FDCPA.

(*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 773-74 (9th Cir. 2017); *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109,1119 (9th Cir. 2014).)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

Plaintiff alleges that Defendants violated Section 1692f of the FDCPA. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff alleges that defendant violated Section 1692f of the FDCPA through its unfair attempts to collect a debt from Plaintiff by contacting his Father and leaving voicemail messages on his cellular phone stating that, as a debt collector, Persolve Legal Group had a message and to return the call. The parties have already agreed, and the Court has already found, that defendants are debt collectors, that the subject consumer debt is a debt, and that Persolve Legal Group's voicemail messages left on the cell phone of Plaintiff's father, Fabian Zepeda, were efforts to collect Plaintiff's debt.

In order for plaintiff to succeed on his claim, he must show, by a preponderance of the evidence, that Defendant's attempts to collect a debt through the messages left on Fabian Zepeda's cellular phone were unfair being that neither Defendant had the right or consent to contact Fabian Zepeda and communicate the contents of the voicemail messages left on his cellular phone.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including such conduct as soliciting of a postdated check, threatening action to effect dispossession of property, or using improper language on an envelope when communicating with the consumer. Section 1692f requires unfair or unconscionable collection efforts, not efforts that fall within other provisions of the FDCPA.

(*Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217(N.D. Ga. 2007); *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (N.Y.S.D. 2006); *Tsenes v. Trans-Continental Credit & Collection Corp.*, 892 F. Supp. 461, 466 (N.Y.E.D. 1995); *see also Murdoch v. Rosenberg & Assocs., LLC*, 2013 U.S. Dist. LEXIS 40825, *10 (D. Md. March 22, 2013); *Barlow v. Safety Nat'l Cas. Corp.*, 2012 U.S. Dist. LEXIS 75585, *18 (N.D. La. May 30, 2012).)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

The fact that a communication does not identify the consumer does not negate the fact that such is a communication as defined by 15 U.S.C. § 1692a(2). 15 U.S.C. § 1692a(2) states "the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium." No where in § 1692a(2) does it state that a communication is only a communication if it identifies the consumer that owes the debt.

15 U.S.C. § 1692c(b).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

For purposes of a voicemail message, messages that did not convey information regarding a debt, did not disclose the debtor's name, but merely identified the caller and identified the caller as a debt collector are not communications or disclosures to third parties. Since no information regarding the debt was contained in the voicemail message, the voicemail message was not a communication.

*(Zamos II v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 782 (N.D. Ohio 2006) (implying that a call that merely identified the caller as a debt collector was insufficient to violate the FDCPA).)  *Koby v. ARS National Services, Inc.*, no. 09cv0780, 2010 WL 1438763, *3-4 (S.D. Cal. Mar. 29, 2010) (Court distinguished messages that provided account numbers and referenced documents from the message that merely provided the caller's name and callback number); *see also Biggs v. Credit Collections, Inc.*, no. CIV-07-0053-F, 2007 WL 4034997, *4 (W.D. Okla. Nov. 15, 2007) (finding messages did not convey information regarding a debt where they merely stated the caller's name and callback number).)