1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   STEVEN C. ZEPEDA,                          Case No.: 21CV0625-AJB(RBB)

12                    Plaintiff,

13           v.                                 **PROPOSED FINAL JURY INSTRUCTIONS**

14   PERSOLVE LEGAL GROUP,
     LLP and DNF ASSOCIATES,
15   LLC,

16                    Defendants.

17

18
19
20
21
22
23
24
25
26
27
28

**1.4 Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff asserts that Defendants violated the FDCPA by virtue of attempting to collect a debt from Plaintiff through contacts made to Plaintiff's father, Fabian Zepeda.  The Plaintiff has the burden of proving these claims.

Defendants assert that Plaintiff consented to calls to the number allegedly associated with Plaintiff's father, and that there were only messages left at that number, messages that did not disclose the Plaintiff owed a debt, or any information about the debt.

### 1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.8 Two or More Parties—Different Legal Rights

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

### 4.1 Corporations and Partnerships—Fair Treatment

All parties are equal before the law and a partnership like Persolve Legal Group, LLC and a limited liability company like DNF Associates, LLC are entitled to the same fair and conscientious consideration by you as any party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.14 Independent Contractor—Definition

An independent contractor is a person who performs services for another person under an express or implied agreement and who is not subject to the other's control of, or right to control, the manner and means of performing the services.

One who engages an independent contractor is not liable to others for the acts or omissions of the independent contractor.

**Communication with Third Parties**

To establish a violation of Section 1692c(b) of the FDCPA, Plaintiff must prove, by a preponderance of the evidence, the following four elements:

(1) Defendant communicated with a person;

(2) In connection with the collection of Plaintiff's debt;

(3) The person with whom Defendant communicated was not Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the creditor's attorney, or the debt collector's attorney; and

(4) Plaintiff did not give direct consent to Defendant's communication, express court permission was not given to Defendant, or Defendant acted unreasonably to enforce a post-judgment remedy by communicating with another person.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Communication**

The term "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium."

**False or Misleading Representations**

To establish a violation of Section 1692e(10) of the FDCPA, Plaintiff must prove, by a preponderance of the evidence, the following two elements:

(1)  Defendant used a false representation or deceptive means;  and

(2)  Such was used to collect or attempt to collect Plaintiff's debt, or to obtain information about Plaintiff.

The first element requires that the false representation or deceptive means are likely to mislead the least sophisticated consumer. A statement cannot mislead unless it is material. Material false statements are those that could cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.

**Unfair Practices**

To establish a violation of Section 1692f of the FDCPA, Plaintiff must prove, by a preponderance of the evidence, the following two elements:

(1) Defendant used unfair or unconscionable means; and

(2) Such means were used to collect or attempt to collect Plaintiff's debt.

**Jury Instruction No. 32**

The FDCPA permits damages to be awarded against a debt collector who violates the FDCPA. By instructing you on damages, the Court is not suggesting for which party your verdict should be rendered, or that the Court is instructing you to award or not award damages.

Actual damages may be awarded to the plaintiff as a result of the defendant's failure to comply with the FDCPA. Actual damages may include out-of-pocket expenses as well as damages for emotional distress.

In this case, plaintiff does seek actual damages. Plaintiff also seeks statutory damages plus attorney's fees. If you find that there was a violation of the FDCPA, you may, but are not required to, award statutory damages from Zero Dollars ($0) to One Thousand Dollars ($1,000.00). If you <u>choose</u> to award statutory damages, it must not exceed $1,000.00 for the entire lawsuit, not per violation.

In determining the amount of statutory damages to be awarded, if any, you shall consider:

(1) the frequency and persistence of noncompliance by defendants with respect to its interactions with plaintiff and plaintiff's father, Fabian Zepeda;

(2) the nature of such noncompliance; and

(3) the extent to which noncompliance was intentional.

## 5.1 Damages—Proof/ 5.2 Measures of Types of Damages

It is the duty of the Court to instruct you about the measure of actual damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving actual damages by a preponderance of the evidence.  Actual damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by either defendant or both.  You should consider the following in determining actual damages:

The nature and extent of the injuries; and

The emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**5.3 Damages—Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages.   To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1)   that the plaintiff failed to use reasonable efforts to mitigate damages; and

(2)   the amount by which damages would have been mitigated.

**Jury Instruction No. 30**

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the injury would not have happened.

**Jury Instruction No. 31**

The "least sophisticated debtor" standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor. The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors. At the same time, the standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care. The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations. This standard is an objective standard, and renders plaintiff's subjective (i.e., personal) beliefs irrelevant.

### 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law,

or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

### 3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 3.5 Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.