June D. Coleman (State Bar No. 191890)
MESSER STRICKLER BURNETTE, Ltd.
5960 S. Land Park Dr. – Suite 1059
Sacramento, CA 95822
Tel: (916) 502-1768
Fax: (312) 334-3473
jcoleman@messerstrickler.com

Attorneys for Defendants
PERSOLVE LEGAL GROUP, LLP AND DNF ASSOCIATES, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. ZEPEDA,<br><br>           Plaintiff,<br><br>   v.<br><br>PERSOLVE LEGAL GROUP, LLP<br>and DNF ASSOCIATES, LLC,<br><br>           Defendants. | Case No.: 3:21-cv-00625-AJB-WVG<br><br>**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM** |

Pursuant to the Court's Order dated October 31, 2022, Defendants hereby submits Defendants' Proposed Special Verdict Form, which was delayed because of weather and the loss of electricity by defense counsel.

MESSER STRICKLER BURNETTE, LTD.

Dated:  January 11, 2023          By:_____/s June D. Coleman_____
                                                            June D. Coleman
                                                            Attorney for Defendants
                                                            PERSOLVE LEGAL GROUP, LLP
                                                            and DNF ASSOCIATES

# JURY VERDICT FORM

## (SPECIAL INTERROGATORIES TO THE JURY)

We, the jury in the above-entitled action, find the following special verdict: (Note: Answer "YES" or "NO" to each question by checking the space next to the appropriate answer.)

**DNF Associates, LLC**

**Question No. 1:**

Did Plaintiff give consent to be contacted at any phone number on the Kay Jewelers application about Plaintiff's account?

YES _____          NO _____

Regardless of your answers to this question, please answer the next question.

**Question No. 2:**

Is Persolve Legal Group, LLP an independent contractor of DNF Associates, LLC, such that DNF does not control the manner or means by which Persolve Legal Group, LLP practices law?

YES _____          NO _____

Regardless of your answers to this question, please answer the next question.

**Question No. 3:**

Did Plaintiff prove by a preponderance of the evidence that there was any other party who made collection efforts on behalf of DNF Associates, LLC against Plaintiff regarding Plaintiff's Kay Jewelers account?

YES _____          NO _____

If you answered YES to Question 3, please answer Question 4. If you answered NO to Question 3, please go to Question 5.

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

**Question No. 4:**

If you answered yes to Question 3, did Plaintiff prove by a preponderance of the evidence that DNF Associates, LLC had control over the actions of the third party that made collection efforts against Plaintiff regarding Plaintiff's Kay Jewelers account

YES _____          NO _____

Regardless of your answer to this question, please go to the next question.


**Questions 5-7**

If you answered NO as to Question 2, answer Questions 5-7 as to DNF Associates, LLC and Persolve Legal Group, LLP.

If you answered YES as to Questions 3 and 4, answer Questions 5-7 as to DNF Associates, LLC and the third parties.

If you answered NO as to Question 2 and YES as to Questions 3 and 4, answer Questions 5-7 as to DNF Associates, LLC; Persolve Legal Group, LLP; and the third parties.

If you answered Yes to Question 2 and answered No to either Question 3 or Question 4, answer Question 5-7 as to DNF Associates, LLC only.


**Question No. 5:**

Did Plaintiff prove by a preponderance of the evidence that DNF Associates, LLC (or anyone else on behalf of DNF Associates, LLC) communicated impermissible information to Plaintiff's Father, Fabian Zepeda, regarding Plaintiff's Kay Jewelers account?

YES _____          NO _____

Regardless of your answer to this question, please answer the next question.

**Question No. 6:**

Did Plaintiff prove by a preponderance of the evidence that DNF Associates, LLC (or anyone else on behalf of DNF Associates, LLC) used any false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's Kay Jewelers account?

YES _____        NO _____

Regardless of your answers to this question, please answer the next question.


**Question No. 7:**

Did Plaintiff prove by a preponderance of the evidence that DNF Associates, LLC (or anyone else on behalf of DNF Associates, LLC) used any unfair or unconscionable means in connection with the collection of Plaintiff's Kay Jewelers account?

YES _____        NO _____

Regardless of your answers to this question, please answer the next question.


**Persolve Legal Group, LLP**

**Question No. 8:**

Did Plaintiff prove by a preponderance of the evidence that Persolve Legal Group, LLP communicated impermissible information to Plaintiff's Father, Fabian Zepeda, regarding Plaintiff's Kay Jewelers account?

YES _____        NO _____

Regardless of your answer to this question, please answer the next question.


**Question No. 9:**

Did Plaintiff prove by a preponderance of the evidence that Persolve Legal Group, LLP used any false, deceptive, or misleading representation or means in

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

connection with the collection of Plaintiff's Kay Jewelers account?

YES _____          NO _____

Regardless of your answer to this question, please answer the next question.


**Question No. 10:**

Did Plaintiff prove by a preponderance of the evidence that Persolve Legal Group, LLP used any unfair or unconscionable means in connection with the collection of Plaintiff's Kay Jewelers account?

YES _____          NO _____


If you answered YES at least once in Questions 5-10, please answer Questions 11-13.

If you answered NO as to each of Questions 5-10, please sign and date the verdict form.


**Question No. 11**

If you answered YES at least once in Questions 5-10 above, you may, but are not required to, award statutory damages from zero dollars ($0) to one thousand dollars ($1,000) to Plaintiff in statutory damages for violation(s) of the Fair Debt Collection Practices Act. In determining the proper award, you should consider the following factors: 1) the frequency and persistence of noncompliance; 2) the nature of such noncompliance; and 3) the extent to which such noncompliance was intentional.

**Amount of Statutory Damages**


$_____

Regardless of your answer to this question, please answer the next question.

**DNF Associates, LLC**

**Question No. 12:**

Did Plaintiff prove by a preponderance of the evidence that he suffered any actual damages (which may include invasion of privacy, loss of sleep, aggravation, or emotional distress) due to the conduct referenced in Questions 5-7?

YES_____          NO_____

**Amount of Actual Damages Caused by DNF Associates, LLC**

If you answered YES to Question 12, state the amount of actual damages suffered by Plaintiff and caused by DNF Associates, LLC.


$_____


**Persolve Legal Group, LLP**

**Question No. 13:**

Did Plaintiff prove by a preponderance of the evidence that he suffered any actual damages (which may include invasion of privacy, loss of sleep, aggravation, or emotional distress) due to the conduct referenced in Questions 8-10?

YES_____          NO_____


**Amount of Actual Damages Caused by Persolve Legal Group, LLP**

If you answered YES to Question 13, state the amount of actual damages suffered by Plaintiff and caused by Persolve Legal Group, LLP.


$_____


Date: _____          Foreperson: _____
                                                    Presiding Juror

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via email to the parties listed on the service list with the Court, and to the parties authorized to receive via this Court's CM/ECF system on January 11, 2023.

By: /s/ June D. Coleman
June D. Coleman